IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

|  |  |  |
|---|---|---|
| ALETHA K. BARSIR | * | |
| Appellant, | * | Case No.: GJH-20-1939 |
| v. | * | Bankruptcy No.: 19-15518 |
| MANOR CARE OF POTOMAC MD, LLC, | * | |
| Appellee. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Appellant Aletha K. Barsir, the Debtor in the underlying bankruptcy case (the "Debtor"), appeals the June 25, 2020 Order of the Bankruptcy Court granting the motion for relief from stay filed by Appellee Manor Care of Potomac MD, LLC (the "Creditor"), a healthcare facility that had provided the Debtor with rehabilitative inpatient care after she suffered a stroke. ECF No. 1. During the hearing, the Bankruptcy Court stated that it would lift the stay for the "limited purpose of allowing Manor Care to seek relief under the Health – General article [MD Code, Health - General, § 19-344(c)(4)(vi)]" and that "there will be no payment or no taking of funds until: 1) the appeal is resolved at the district court level; and 2) the bankruptcy court has an opportunity to see what the state court has to say with respect to this -- the application of this section." ECF No. 10-33 at 13-14. However, the signed order stated:

> IT IS ORDERED that the automatic stay imposed by § 362 of the Bankruptcy Code is hereby lifted to enable Manor Care to obtain an appropriate order issued by the state court pursuant to Md. Health-Gen. Code § 19-344(c)(4)(vi) regarding Claim 1, as amended, from time to time, which may be effectuated by allowing the involuntary disbursement of payment of Claim 1, as amended from time to time, from the Transamerica account, without further need to seek the Bankruptcy Court's approval.

1

ECF No. 1-1.

On July 22, 2020, the Creditor filed a Motion to Correct Lift Stay Order & for Indicative Ruling. ECF No. 10-34 at 3; *see also* ECF No. 4-1. On July 26, 2020, the Bankruptcy Court issued an Indicative Ruling Order stating that it would grant the Creditor's Motion, renaming the Order, "Order Granting Relief from Stay," and replacing the above-quoted paragraph with the following:

> ORDERED that the automatic stay imposed by § 362 of the Bankruptcy Code is hereby lifted only to the extent necessary to enable Manor Care to obtain an appropriate order issued by the state court pursuant to Md. Health-Gen. Code § 19-344(c)(4)(vi) regarding Claim 1, as amended, from time to time; and it is further,
>
> ORDERED, that the automatic stay remains in effect to prohibit Manor Care from seeking enforcement of any state court order or to otherwise attempt to collect the any debt against Debtor, including seeking involuntary disbursement of payment of Claim 1 from the Transamerica account, without the bankruptcy court's prior approval.

ECF No. 4-1. The Creditor informed this Court of the Bankruptcy Court's Indicative Ruling on July 26, 2020, and requested that the Court remand the case to the Bankruptcy Court pursuant to Fed. R. Bankr. P. 8008 to allow the June 25, 2020 Order to be corrected. ECF No. 4.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011) (quoting *Bradford–Scott Data Corp. v. Physician Computer Network*, 128 F.3d 504 (7th Cir. 1997)). "Generally, the filing of a notice of appeal divests a bankruptcy court of its 'control over those aspects of the case involved in the appeal.'" *In re Howes*, 563 B.R. 794, 806 (D. Md. 2016) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

However, Bankruptcy Rule 8008, which "conforms bankruptcy practice to that of [Rule 62.1 of] the Federal Rules of Civil Procedure and [Rule 12.1 of] the Federal Rules of Appellate Procedure," 10 COLLIER ON BANKRUPTCY, ¶ 8008.01, p. 8008–2 (16th ed. 2014), states:

> If a party files a timely motion in the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial issue.

Fed. R. Bankr. P. 8008(a). "The movant must promptly notify the clerk of the court where the appeal is pending if the bankruptcy court states that it would grant the motion or that the motion raises a substantial issue." Fed. R. Bankr. P. 8008(b). Then, "the district court or BAP may remand for further proceedings, but it retains jurisdiction unless it expressly dismisses the appeal." Fed. R. Bankr. P. 8008(c). The rule thus "provides a procedure for the issuance of an indicative ruling when a bankruptcy court determines that, because of a pending appeal, the court lacks jurisdiction to grant a request for relief that the court concludes is meritorious or raises a substantial issue." Fed. R. Bankr. P. 8008 Advisory Committee Note to 2014 Amendment.

Here, the Creditor promptly notified this Court that the Bankruptcy Court issued an Indicative Ruling stating it would grant the Creditor's Motion to Correct. ECF No. 4. The Court will therefore remand the case for the limited purpose of a ruling on the Creditor's Motion, but it retains jurisdiction over the appeal. Under Bankruptcy Rule 8008(c), "[i]f the district court or BAP remands but retains jurisdiction, the parties must promptly notify the clerk of that court when the bankruptcy court has decided the motion on remand." Fed. R. Bankr. P. 8008(c).

Therefore, the parties are ordered to promptly notify this Court when the Creditor's motion has been decided.

Accordingly, for the reasons stated above:

1. This case is **REMANDED** to the Bankruptcy Court for further proceedings, but this Court retains jurisdiction over the case pursuant to Fed. R. Bankr. P. 8008; and

2. The parties **SHALL** promptly notify this Court when the Creditor's motion has been decided.


Dated: January 25, 2021                                  /s/
                                                      GEORGE J. HAZEL
                                                      United States District Judge